**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 02:14 PM November 25, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| PRIDE OF THE HILLS | : | CASE NO. 17-62060 |
| MANUFACTURING INC., et al.[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | JUDGE RUSS KENDIG |
| | : | |
| | : | **MEMORANDUM OF OPINION** |
| | : | **(NOT FOR PUBLICATION)** |
| | : | |

     This matter is before the court to consider Trustee's Ex Parte Motion for Authority to Provide Limited Notice of Application for Administrative Expense (Doc. #254) (the "Motion"), filed November 19, 2020. For the reasons explained below, the court denies the Motion.

     The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This matter is a core proceeding and the court has authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(A), (O). Pursuant to 28 U.S.C. § 1408, venue in this court is proper.

     This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

---

[1] The Debtors are Pride of the Hills Manufacturing, Inc. (Case No. 17-62060), Pride of the Hills Manufacturing of Killbuck, Inc. (Case No. 17-62061), and Audrian Properties LLC (Case No. 17-62062).

In the Motion, Trustee states that she will file an Application for Administrative Expense (the "Application"), in which she will seek to pay $2,362.50 to Attorneys Mediation Services ("AMS"). Trustee argues that AMS's services were necessary to the administration of this case. Trustee wants to limit notice of the Application to Debtor's counsel, the U.S. Trustee, AMS, and creditors that have requested notice or who are on the court's electronic mail list. Trustee argues that providing notice of the Application to all creditors would be burdensome to the estate.

Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure requires 21 days' notice to all creditors of "a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000[.]" Fed. R. Bankr. P. 2002(a)(6). Rule 2002(h) allows notice to be limited in chapter 7 cases to the debtor, the trustee, and creditors that have filed claims. Fed. R. Bankr. P. 2002(h). In addition, Local Rule 2002-1(a) states:

> (a) *Limitation on Notices in Chapter 7 Cases*. After the time for filing non-governmental claims has expired in Chapter 7 cases, all notices required by Fed. R. Bankr. P. 2002(a)(2), (3), (4), and (6) shall, unless otherwise ordered by the Court, be mailed only to creditors who have filed claims, and persons who have filed a request for all notices pursuant to Fed. R. Bankr. P. 2002(i).

L.B.R. 2002-1(a). Local Rule 2002-1(a) allows Trustee to automatically provide the lesser service provided for in Federal Bankruptcy Rule 2002(h) after the claims bar date without requesting it. Thus, while Trustee is not required to provide notice to the entire creditor body, she must still provide notice to creditors who have filed claims. Trustee has not cited to any authority that would allow the court to deviate from this notice requirement. Thus, the court will deny the Motion.

In addition, 11 U.S.C. § 503(b) governs administrative expenses. Section 503(b)(2) allows for administrative expenses of "compensation and reimbursement awarded under section 330(a) . . . ." If Trustee is going to rely on § 503(b)(2) in her Application, then she will need to demonstrate compliance with § 330(a). See In re Hirsch, 550 B.R. 126, 145 (Bankr. W.D. Mich. 2016) ("An award of compensation under section 330(a) is a prerequisite to satisfaction of section 503(b)(2). In the event that section 330(a) is satisfied, section 503(b)(2) is also satisfied."). Among other things, Trustee will need to demonstrate that AMS qualifies as a "professional person." Trustee will also need to address whether it is proper to grant her Application despite the fact that AMS has not been employed pursuant to § 327(a). See Michel v. Federated Dep't Stores (In re Federated Dep't Stores), 44 F.3d 1310, 1320 (6th Cir. 1995) ("a valid appointment under § 327(a) is a condition precedent to the decision to grant or deny compensation under § 330(a) or § 328(c)."); see also In re Integrity Supply, Inc., 417 B.R. 514, 518 (Bankr. S.D. Ohio 2009) (citing Lamie v. United States Trustee, 540 U.S. 526, 538-39 (2004)).

In the event Trustee files another motion to limit notice of her Application, Trustee must provide specific legal authority in support of such request and file the Application at the same time. The court will enter a separate order in accordance with this opinion.

**Service List**:

Lisa M. Barbacci
P.O. Box 1299
Medina, Ohio 44258-1299

Attorneys Mediation Svcs., LLC
124 – 15th St. NW
Canton, OH 44703

PRA Receivables Mgmt., LLC
PO Box 41021
Norfolk, VA 23541